IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAJET AEROSERVICIOS S.A. DE C.V., | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Case No.: 4:18-CV-4441 |
| | § | |
| LUIS CARLOS CASTILLO CERVANTES, | § | |
| *Defendant* | § | |

### RESPONSE TO DEFENDANT'S MOTION TO QUASH
### AND MOTION FOR A PROTECTIVE ORDER

Plaintiff Rajet Aeroservicios S.A. de C.V. ("Rajet") files this Response to Defendant Luis Carlos Castillo Cervantes's ("Castillo") Motion to Quash and Motion for a Protective Order. Rajet respectfully requests that the Court deny Castillo's motion as it relates to the deposition of Luis Carlos Castillo Cervantes, and order that the deposition be held on June 22, 2020, a date that does not interfere with the vacation of Castillo's counsel.

## I.  SUMMARY

Despite telling this Court on March 6, 2019 that he is ready and willing to be deposed remotely in this dispute [Dkt. Entry # 11, pg. 4], sixteen months later Castillo seeks to quash Rajet's notice to depose him remotely and seeks protection from being deposed for an indefinite period of time (Rajet noticed the deposition to be conducted by remote deposition technology so that all parties can avoid unnecessary travel). Castillo, back in March 2019, when he offered to be deposed, knew that he had pleaded guilty to unrelated criminal charges and was awaiting sentencing in that matter. Taking Castillo up on his offer to be deposed, Rajet's counsel wrote counsel for Castillo on May 1, May 13, 2020 and May 22, 2020 requesting deposition dates. After counsel for Castillo refused to provide deposition dates in response to those three requests, counsel

for Rajet properly noticed Castillo's deposition for June 16, 2020, and later agreed to move the date as soon as Castillo's counsel informed Rajet of his vacation schedule.

Castillo also suggests here, without explanation, that being deposed in this civil proceeding will somehow interfere with his criminal sentencing in an unrelated criminal case, infringing on his constitutional rights. However, Castillo knew of this criminal proceeding for years and served his own discovery requests on Plaintiffs on May 8, 2020, before filing a motion to stay to properly raise any alleged constitutional issues.

As discussed further below, none of the justifications provided by Castillo support the requested relief.

Castillo is also asking for relief from the deposition of Mr. Alejandro Torres Garza. Despite counsel for Rajet asking several times in May 2020 for dates to depose "Mr. Castillo's employee, Alejandro Torres Garza," Castillo's counsel did not tell Rajet that Mr. Torres is no longer an employee of Mr. Castillo until and through Castillo's filing yesterday. With that new information, Rajet has withdrawn its notice to depose Mr. Alejandro Torres Garza.

## II.   VACATION

Counsel for Rajet learned that Castillo's counsel would be on vacation on June 16, 2020 for the first time on June 8, 2020, five days after it served the deposition notice for June 16. Rajet immediately agreed to hold the deposition the following week and followed up with three possible dates. Castillo's counsel would not pick one of those three dates. Prior to filing its motion to quash and protective order, Rajet informed Castillo that he would reschedule the deposition for June 22, 2020 at 1p.m. to accommodate counsel's vacation plans. The new date does not interfere with Castillo's counsel's vacation plans and therefore this should not be a basis to delay the deposition.

### III.    FIFTH AMENDMENT

Castillo states that it will file an additional motion for a stay based on his Fifth Amendment rights. Rajet will respond if and when such a motion is filed. At this point, Castillo, who has the burden to show that a stay is warranted, has not come close to meeting the standard. Especially considering that "there exists no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even where such actions proceed simultaneously." Alcala v. Texas Webb County, 625 F.Supp. 2d 391, 396 (S.D. Tex. 2009) (citing SEC v. First Fin. Group of Texas, Inc., 659 F.2d 660, 666-67 (5th Cir. 1981)).  Indeed, "it is the rule, rather than the exception," that such parallel actions proceed together. Alcala, 625 F. Supp. 2d at 397 (citations omitted).  A stay is therefore properly considered an "extraordinary remedy" that should be granted only upon a showing of "special circumstances." Id. at 397-98.

Furthermore, a party seeking to stay based on the Fifth Amendment must make a "specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient." Cigna Healthcare of Tex., Inc. v. VCare Health Servs., PLLC, Civil Action No. 3:20-CV-0077-D, 2020 U.S. Dist. LEXIS 58004, at *13 (N.D. Tex. 2020) (quoting In re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990). The contract dispute before this Court is not mentioned anywhere in the record of the criminal case. See Ex. A. In that case, Castillo has pled guilty to fraudulent acts occurring in 2014. Id. at 1. The instant case concerns payments Castillo failed to make beginning in 2015. Doc. 1 ¶ 9. Castillo has not provided any showing that his Fifth Amendment rights will be prejudiced by his deposition.

Finally, assuming Castillo's Fifth Amendment rights were even relevant in this case, Castillo has not provided a showing of "why other methods of protecting his interests are insufficient." Cigna, 2020 U.S. Dist. LEXIS 58004, at *13. For instance, the Court can seal the

answers to his deposition so they cannot be used in any criminal case. United States ex rel. Gonzalez v. Fresenius Med. Care N. Am., 571 F. Supp. 2d 758, 764-65 (W.D. Tex. 2008).

## IV.   NOTICE

Rajet provided plenty of notice that it intended to set a deposition for Mr. Castillo in mid-June. Counsel for Rajet wrote and asked Castillo's counsel to "give us some dates in June for a remote video deposition of your client" on:

- May 1, 2020
- May 13, 2020
- May 22, 2020

Castillo's counsel never provided dates. Finally, on June 3, 2020, Rajet set Mr. Castillo's deposition for June 16, 2020. And as discussed above, Rajet immediately agreed to move that date when it learned, five days after the notice was delivered, that Castillo's counsel had a vacation scheduled.

## V.   DISCOVERY PROVIDED

Despite apparently having a desire to stay the discovery in this matter until some point after Mr. Castillo is sentenced,[1] Castillo nonetheless served its discovery requests to Rajet on May 8, 2020. Rajet timely provided their discovery responses and document production.

Castillo complains without authority that receiving the discovery in a timely matter is a basis to delay the deposition. It is not. Castillo also claims that the discovery is voluminous. At under 400 pages of discovery, it is not voluminous. Finally, Castillo complains that it is in

---

[1] It is worth noting that it is far from certain that Mr. Castillo's sentencing will take place in November 2020. Mr. Castillo's sentencing was originally scheduled for March 2017, and has been reset numerous times since.

4

Spanish and therefore will take a long time to review. It is true that 72 emails are in Spanish. Rajet's counsel will today provide Castillo a translation of those 72 emails so that Castillo's counsel can review the emails in English, while his client, who only speaks Spanish, can review the originals.

## VI. AUDIO RECORDING

Finally, Castillo complains of Rajet's production of an audio recording between Castillo and Mr. Rayet that Mr. Castillo knowingly took part in creating. Castillo asks for a "government investigation" to determine the origin of the recorded statement and claims that it is "sealed investigative material." Castillos cites no authority or provides a rational basis as to why an investigation of this tape would be necessary. Its origin is obvious. Counsel has also explained to Castillo's counsel how Rajet obtained it, which itself is rather simple and straightforward. The Government provided Rajet the recording through discovery in a civil case that settled in 2018. At no point did the Government ask for any restrictions on the recording or state that it was sensitive material in any way.

There is certainly no basis to wait until the week before the deposition to use this call as a reason to delay the deposition. Castillo cannot now be surprised by this recording or question its origins. Mr. Castillo should know well that this recording existed, since he took part in recording the call. Mr. Castillo's criminal defense lawyer, who Mr. Castillo's civil attorney is collaborating with, should not only know about the recording, but also have a copy of it.[2] Finally, the existence of this call has been discussed at numerous points throughout this current litigation:

---

[2] See Federal Rules of Criminal Procedure, Rule 16(b):

  (B) *Defendant's Written or Recorded Statement*. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

- February 28, 2019, page 4 of Docket Entry # 9-1: "*The flights at issue in this case were negotiated over the phone in 2014. In this phone call, which is recorded, Castillo called me from the United States. With him, Castillo had two U.S. witnesses that live and work in the U.S.*"

- July 16, 2019, page 15 of Appellant's (Rajet) Opening Brief: "*Undersigned counsel has further learned that during the investigation of Castillo, F.B.I. agents recorded Castillo ratifying all the terms of the contract by phone from his home in the Southern District of Texas.*"

- August 9, 2019, pages 7-8 of Appellee's (Castillo) brief: "*Rayet tells this Court that 'two FBI Special Agents based in the Southern District of Texas' were allegedly recording phone conversations between Rayet and Castillo… No recording or transcript of any conversation was produced. Nor has the name of any federal agent been disclosed. Castillo means no disrespect to Rayet's counsel, but is justifiably skeptical that any federal agent would speak to them about a pending investigation, or share confidential information with them.*"

- August 30, 2019, page 7 of Appellant's (Rajet) Reply Brief: "*After being reminded that Castillo's calls were recorded by two FBI agents—including a call in which he confirms all the terms of the contract—Castillo did not deny the call occurred but complained that the recording had not yet been produced prior to discovery.21*

---

(i) any relevant written or recorded statement by the defendant if:

• statement is within the government's possession, custody, or control; and

• the attorney for the government knows—or through due diligence could know—that the statement exists;

*Castillo does not dispute that the FBI agents are the only third-party witnesses to the oral contract.*"[3]

## VII.  CONCLUSION

For all the reasons stated above, Rajet respectfully requests that the Court deny Castillo's motion for a protective order and motion to quash. Rajet further requests that the Court order Mr. Castillo's deposition on June 22nd at 1p.m. by remote deposition, as provided for in Rajet's amended notice.

Respectfully submitted,

**PARKER & SANCHEZ, PLLC**

/s/ Andres Sanchez
M. Andres Sanchez-Ross
and
C. Anderson Parker
Cooke Kelsey
Parker & Sanchez PLLC
Tel. 713.659.7200
Fax 713.659.7203
700 Louisiana St., Suite 2700
Houston, TX 77002
**ATTORNEYFOR PLAINTIFF**

## Certificate of Service

On this date this filing was served on all counsel of record through the court's electronic court filing system.

/s/ Andres Sanchez
M. Andres Sanchez-Ross

---

[3] All of the above references to this call are filed publicly in ECF. At no time before has Castillo made a claim that the mention of this recording can only be discussed under seal. Undersigned counsel does not believe that this filing meets the requirements to be sealed. If the Court disagrees, and there is any doubt, counsel will gladly file related matters under seal.